case number 19-1984. United States of America v. Darrell Mitchell. Arguments not to exceed 15 minutes per side. Ms. Wolfenbarger, you may proceed for the appellant. Good afternoon. Can everyone hear me okay? May it please the court. My name is Stephanie Wolfenbarger. I am here on behalf of the The main issue here today in this case is whether this dual object or hybrid offense that Mr. Mitchell was convicted of back in 2006 is a covered offense under the First Step Act. This narrow issue is a is one of first impression for this court. It's only been decided by one other court of appeals and that would be the Fourth Circuit and U.S. v. Gravitt. And the Gravitt case found that the same dual object offense was in fact a covered offense for the First Step Act. And Mr. Mitchell argues today that this court should follow that persuasive authority for three reasons. That it's like Gravitt found. It's in line with the plain language of the statute of the First Step Act. And furthermore, it does not contradict any of Sixth Circuit precedent, particularly Bemis. It's also second and it's yes. One possibility, I'm not sure why it's making all that noise, but one possibility is that the district court, when the district court judge, I think it's Judge Quist, accepted the plea agreement, he uses the word at the hearing, he uses the word limit, limits the plea to the crack offense, and then the judgment only references the crack offense. You know, I get the idea that you could make an argument that might help some other clients, but isn't there a narrower ground for relief for your client? I mean, yeah, I would agree that the, in the transcript, the district court does say that they're limiting it to a crack cocaine offense. I would agree with that. So, I mean, another way to think about it is, this is a pretty easy case. If there had never been a powder cocaine charge, never a plea to powder cocaine and no sentencing based on powder cocaine, we would all agree he gets another shot in front of Judge Quist. So, I'm trying to figure out why that isn't the exact case we have, even though there are plenty of references to powder cocaine in the sentencing hearing, but I thought those could be attributed to the reality that the judge, the only testimony about cocaine at the sentencing hearing was powder. That's the only witnesses they had, but it was all powder being used to create crack. So, that's what we call it a hybrid offense. And, you know, I guess in a way, maybe it is, but you could still have the plea limited to crack and the powder references solely be about figuring out how much crack cocaine to use. And while I'm at it, let me just point out one other thing. The findings of powder cocaine at the hearing are under five kilograms, right? They're under the amount that would trigger this kind of mandatory minimum. So, I think it's a case that seems to be construing the sentencing transcript. Well, I mean, I would agree with you that he was sentenced based on a crack cocaine and all of the testimony about the powder cocaine, all that testimony related to the type of drug was for the purpose of whether or not the court was going to consider the drug quantity crack or powder, which at the time made a significant difference in the sentence. I'm not sure if I'm answering your question here, but I'm trying to. But I believe that the whole point of all of the testimony related to powder or crack was related to what are we going to consider these drugs back in 2007 when he was sentenced. And back then, when all of the drugs were considered crack cocaine, the sentence was significantly higher. His base offense level was a 38 instead of a 26. If we called those drugs powder cocaine, then his base offense level would have been 26 and his guidelines range would have been smaller. But in this case, as far as Mr. Mitchell's first step act motion, the district court found that he was ineligible because this wasn't a covered offense and the district court's analysis was around the fact that because he pled guilty to an offense that this hybrid offense that included powder, that he was not eligible because the statutory offense for the powder cocaine did not change under the Fair Sentencing Act. And I certainly think this case would be simpler if we just decided it was if we just said it was crack cocaine. And I, I interpret this case to have been treated as crack cocaine, even though there was powder involved. You were cutting up a little bit if you could try again. Go ahead. I'll try to fix it. It's better now. Can you hear me better now? Yes. I interpret Judge Sutton's comments to be basically, if you're describing what Judge Quist said, he was misunderstanding his own case and that it was really a case where he sentenced based on the amount of crack cocaine. Is that fair? I think it could be interpreted that way. Yes. Do you advocate that it be interpreted that way? Judge Sutton is anticipating that you will because it makes the case easy for you. It would make the case easy for me, but I think that I think it is. I think it is right, but I defend it now. I mean, can you tell me this is basically a crack? I mean, you seem to want to say it, but not to argue in favor of it. Well, I think I was trying to argue that it is a crack case, and that's how it was treated entirely at sentencing. What was that? Then you would win if we accepted that, right? I'm just saying it would be fair for us if you said, number one, this is just a crack cocaine case. It's not a hybrid case, and therefore we win. But if you, we being drag kicking and where the courts are all over the place as to what to do with hybrid cases, is that the nature of your argument? It's like we win, but even if we don't, we win on the second issue. Is that the nature of your argument? Yes. Yes. Okay. Then I just want to know which one you're at while you're making your argument. Well, I guess- The second one or you're in the first one? We can start with the first one. If we treat it as a crack cocaine case, then it's eligible under Bemis and the plain language of the statute, which says- What's wrong with the first argument? It's just, it's not a matter of the law. We know what the law is. It's just a matter of whether this is a case that only concerns crack, right? What supports the argument that it only concerns crack? There's portions of the sentencing. First of all, in the sentencing transcript, the court says I'm going to limit it, specifically says I'm going to limit it to crack cocaine. And then- So I understand the answer to that question. In the context, the word limit is limit the plea, right? Isn't it limiting the plea to a crack offense or limiting the sentencing to crack? I don't believe that it's 100% clear. This is something that was in the sentencing transcript, and it just says, I'm going to limit it. It doesn't say the plea or the sentence. And that part comes after counsel made arguments about whether or not this case was a crack case. These drugs should be treated as crack cocaine. Isn't it specified in the judgment? The judgment in a criminal case references 841B1B3I. That's the crack provision. So why doesn't that document resolve the issue? I think that it should resolve the issue, but I don't know that it necessarily does. And so if it doesn't, there are other arguments. Counsel, I'm starting to react the same way Judge Rodgers is. You're getting three questions now from three judges putting on a silver platter of victory, and each time you throw it. Do you want it or not? All right. Yes, I want it. Yes, I would like it. So what does the word limit mean? Here's what I thought had happened, and I'd really be grateful if you could answer this in a way that made sense. The judge did not accept the plea initially, right? Correct. He only accepted the plea during the sentencing hearing? Right. Okay. Why doesn't the word limit refer to the plea agreement? I think that it could refer to the plea agreement. What else could it? When else does he say what the plea agreement is, if not then? I guess I think it does refer to the plea agreement. I think it refers to the case as a whole. He's limiting it to a crack case. Okay, maybe we should hear from the opposing. Yeah, I think it's a good idea. All right. Good afternoon, Your Honors. Rene Schekmer on behalf of the government. The government's position is that this is a dual object conspiracy. This defendant pled guilty at the time of the plea to conspiring with other people in the five kilograms of powder cocaine that is found in the plea transcript, which is docket entry 519 at pages 741 to 747. Okay. And counsel, it'd be great if you responded to the questions we've already asked. Is it not the case that the judge did not accept the plea at that point? I believe the judge accepted the plea, but reserved on the plea agreement. There was an oral plea agreement in this case. The oral plea agreement was that the defendant would plead guilty to the conspiracy to distribute the five kilograms or more of cocaine and the 50 grams or more of crack. And then the government was going to dismiss the remaining charges. That was the agreement. So what does he mean when at the hearing he uses the word limit? I read it. Just help me out. I read it to me. I get what you're willing to plead guilty to. We don't have an agreement. At the hearing, he then, I thought, said, I'm limiting the plea to the crack offense. And that, of course, lines up with the judgment that Judge Strantz referenced. So what am I missing? That's how it looks to me. I wasn't there, of course. I don't believe that's what he said, what you're talking about is not what happened at the plea, but what happened at the sentencing. Right, right. I got it. But so just to back up again, he says, I want to plead guilty to this, that, and the other. I thought the judge did not accept the plea at that point. And I thought it was accepted at the hearing. Am I wrong about that? Is that maybe that's what I'm getting wrong? I believe that he accepted the plea, but reserved on the plea agreement. That's our normal practice. And I believe that happened in this case. Okay, so that's fine. That's at the plea hearing. Okay, so that's fine. But then couldn't it be the case that when it gets to reserving on the agreement that he decides at the hearing, I'm just going to treat this as a plea about crack? In other words, isn't that possible? I don't believe it is possible because that one, he would have had to not accept the plea agreement and the defendant could have then withdrawn his plea. Or the parties could have renegotiated at that point. In this case, that's not what happened. I think what the court is referring to is a part in the sentencing transcript. After a great deal of testimony, all regarding powder cocaine, which the court then converted into crack. The court was saying, I'm going to limit this to crack. Part of that is because you don't want to double count. The court in this case stated, and defense counsel was arguing, there was seven kilos of powder cocaine. Seven kilos is way more than the five kilos needed under the indictment. That's what defense counsel wanted. And the court references that and I referenced it in my letter. I cited to it in my letter to the court of September 30th. But the court in this case, because you have a powder case, which the defendant is distributing his powder, but knowing that the people below him are converting it to crack and distributing it. The court found that he was responsible not only for the powder that he purchased and then distributed, but also for the fact because he knew that it was being converted to crack, that he was responsible for the crack. What does the word limit refer to then? He's limiting it to one or the other for purposes of making the calculation. And he's limiting it to crack? Yes, because to do otherwise would potentially cause a double counting issue. Right. And this is a problem that always comes in when you have powder and crack. So I don't think that approach to what happened is implausible or crazy. I hear you on that. It kind of makes sense. But I also don't think it's implausible or crazy to think about it the other way, that he just thought of it as a crack conspiracy. That was the object, right? They were converting the powder into crack. That was the object. So whether it's to get around double counting or something else, he decided to think of it as a crack conspiracy. And if that's the case, and if the judgment reflects that, it seems to me just as fair to say, listen, this was primarily, if not exclusively from the judge's perspective, a crack case, which makes you eligible for first step back reconsideration. I think you're leaning too hard on the judgment issue. And the reason I would say that, Your Honor, is that clearly it is a clerical error in the judgment. The judgment cites a B1B section and there was no B1B in this case. If it was so clear, why would it take 13 years to identify the mistake? That is a good question, Your Honor. This case has been on direct appeal and no one caught it then either. I mean, the point is, is clearly no one paid attention to the citations in the judgment. Up until now. But they are the basis of the sentence. I'm struggling with, I believe you were involved also in Boulding. And Boulding says that eligibility for resentencing under the First Step Act turns on the statute of conviction alone. And the statute of conviction in the court documents, and frankly, in the statements of the court below, is 841B1B3, which is crack. Yes, that's the 540. Why doesn't Boulding solve this matter? One, because I believe that is clearly a clerical error. I don't think anybody can look at the record in this case and not know that the B1B citation in the judgment was clearly error. To be 50 grams or more of crack, which this case, even if you argue it's only crack, was a B1A offense. So you can't not say that's a clerical error in the judgment. If you want to argue that the citation alone is controlling in the written portion where the court spells out exactly what the offense is, the court clearly states that it is 5 kilograms or more of cocaine and 50 grams or more of crack, cocaine base. What, on that point, maybe I'm getting my numbers and measurements wrong, but am I right in remembering that the district court judge found that there was fewer than 5 kilograms of powder cocaine? For purposes of making the conversion into crack, yes. Okay, so- I thought it was before making the conversion. I'm sorry, it was 4.7, and then they converted it down, dropped it by a 10% factor to get to 4.2. That's correct, but if you read, if you continue to read in the transcript, the court clearly says there's 7 kilos. That's what defense counsel was arguing. There were 7 kilos of powder cocaine, and the court clearly states that even if you take the 7 kilos of cocaine that was argued by defense counsel, that that was converted to more than 1.5 grams of crack. What the court was doing in this case, because if you recall, this was a multi-defendant case. So you have some at the top who were basically just the cocaine people involved with the distribution of cocaine, but then you have a lot of people down at the bottom who were involved with receiving the cocaine, converting it to crack, and selling it on the streets for crack. So the vast majority of people were involved in the actual distribution of crack. The defendant was not one of them, but he knew that that was the whole purpose of the conspiracy. So when the court is looking at this and talking to the people, that's why you have to find out how much powder did you get. The court made a very conservative calculation trying to determine how much powder each of these individual co-defendants had received. And once he made that very conservative calculation headed towards crack, he then converted it. Again, he took a 10% sort of across the board, even though it was questionable there was even that amount. But again, following a more conservative basis, we come to this- But if you're under five kilos on the powder, I don't care at this point what the defendant said or defense counsel, if you're under five kilos, you don't get to the same mandatory minimum. This is true, but I don't think you can say that from the sentencing transcript. And I don't think you can say it from the pre-sentence report. And based on what the defendant said, the defendant admitted five kilograms of powder at the time of the plea. I mean, basically, we always go with what a defendant admitted or what a jury found in terms of beyond a reasonable doubt. In this case, the defendant admitted five kilograms of powder. But my struggle with that is that's not the place we are in making this determination. The First Step Act determination where we stand now is at the very beginning,  for re-sentencing. And it just seems to me that the case law that's out there, Smith, Boulding, a larger group that would include the Third Circuit and the Fourth Circuit and Wersing and a number of them make clear that at this stage, what we're looking to is the statute of conviction. I agree with you, Your Honor. The discretion of the court in whether or not the sentence or how much the sentence will be reduced or changed by the First Step Act, then your arguments may have a role. But we're not at that point. We're at the very beginning of eligibility. And it seems to me that the law is clear on that. I see where you're going, Your Honor. The problem I have is that in this circuit, you have only one penalty range for the offense of conspiracy, whether you have one drug or multiple drugs. It is only the highest drug range that counts. So if you can only have one penalty range, the question is in order to determine whether or not there would be eligibility, to use that word, eligibility in this case, you would have to determine that the sentencing range was modified by the Fair Sentencing Act. The Fair Sentencing Act did not modify any sentencing ranges having to do with powder cocaine. It modified it only A and B sections for crack. Well, if that is the purpose of the law and those cases are eligible, then that solves the problem. And how it plays out in a changed sentence is up to the discretion of each court who is familiar, usually the sentencing court, who is well familiar with what were the components of the sentencing. I'm struggling with this idea that you can go back and start from scratch. You want to go back into the record. You want to go back into negotiations. You want to go back into discussions. When the First Step Act turns on something that is more objectively determinable. And here, the objective documents show qualifications for to be covered by the First Step Act. Now, the court may say you are covered and I'm not going to give you a minute off. But that's a different question. If we're going with the clerical error in the judgment to say qualification occurs. With the clerical error in the judgment, when it has been on the books for 13 years, are you asking this court to go back 13 years and examine and try to say this was an error, but that wasn't an error? Well, that doesn't seem to me to be a very practical, practically applicable test. And the goal, I thought, of this legislation was to rebalance so that there was fairness in how sentences were undertaken and given. So we go back, we look, what were you sentenced for? You qualify. Now the court gets to take it up. And you make all those arguments. Ms. Schechmer, I don't want to pile on, but I am a little bit. But I have a practical idea. My practical idea is this. I think we all can agree that if there was a clerical error in the judgment, that ought to be corrected. OK? So that means this has to go back to the district court anyway. If this has to go back to the district court anyway, it seems very strange not to allow the district court to look at all potential components of the issue. The original judgment seemed to suggest he does have authority under the First Step Act. If he wants to say, if Judge Quist wants to say on remand, oops, that's a mistake. I'll correct it now. He's free to do that. It probably would not be a terrible idea for him to do that and say, even if I did have this authority, I don't wish to exercise it. Or to say, I do have this authority, and I wish to exercise it. It seems to me it's got to go back anyway. I mean, if you've admitted it's an error, and if it is an error, that has to be corrected at a minimum. So that just strikes me as a pretty reasonable way to handle this that doesn't add a lot of inefficiency. And if the judgment needs to be corrected, it gets corrected. Judge Quist knows how this all works. He's free to say in the alternative, if I had the discretion, I wouldn't exercise it. Or if he wants to say, if I had the discretion, I would exercise it. You can do what he wishes. But I'll bet there's a way to fix this pretty quickly. Can I ask a question in 17 seconds? Did you argue clerical error in your briefs, Ms. Checkman? I didn't. I did not even notice this clerical error until the court brought it to our attention by requesting the additional brief. And I did note it there. But even in your additional brief, you didn't argue that it was a clerical error. Oh, in the letter brief? Yes, I placed that. I believe it's a clerical error. It's actually in the footnote on page one of my letter brief. See, thank you. All right, Ms. Wolfenberger, do you have some rebuttal time? I believe so, Your Honor. If I could start with the words in the sentencing transcript regarding limited. If you look directly behind that sentence, the court says, that's the charge to which the defendant pled guilty. He says, I'm going to limit it, in this case, to commit the crime of possession with intent to distribute or distribute 50 grams or more of crap cocaine. That's the charge to which the defendant pled guilty. So, if you look at the sentence, the court says, if you look at the entire paragraph, at least that portion of the paragraph, it seems that the court intended to limit the entire plea to crap cocaine only. If we go back, if I could just respond to a couple of things that counsel said. There was some discussion about whether or not this was less than or more than five kilograms of powder cocaine. The judge in the sentencing transcript, the district court, specifically said that he was excluding some amount of powder cocaine that was testified to, and he did call it 4.7 or 4.6. It was under five kilograms of powder cocaine that he was looking at, and then it was converted to be some number that was over 1.5 kilos, 1.5 was the relevant amount that put him into the sentencing range that we're talking about. As far as whether or not this is a crap cocaine offense, which I believe it is a crap cocaine offense, and then it is under Bemis and the Fair Step Act, this is a covered offense. Whether it's a crap cocaine only offense or whether it's a hybrid offense, if you look at the language of the statute, it is still eligible for First Step Act relief because the Fair Sentencing Act did change the sentence for a conviction of a crap cocaine offense of 50 grams or more. That's all I have. All right, thanks to both. We appreciate your briefs and arguments, and the case will be submitted. Thank you.